IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-01961-CMA

ZJS, LLC, and
SETH MANSON,

    Plaintiffs,

v.

ARLP SECURITZATION TRUST, SERIES 2015-1,
ARLP TRUST 2,
CHRISTIANA TRUST, a division of Wilmington Savings Fund Society,
BANK OF AMERICA,
UIS, LLC,
J. LOGAN CHIEROTTI, and
DEBRA JOHNSON, Public Trustee Denver,

    Defendants.

---

ORDER DISMISSING THE ACTION FOR LACK OF
SUBJECT-MATTER JURISDICTION

---

This matter is before the Court *sua sponte* on its "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

On September 9, 2015, *pro se* Plaintiffs, ZJS, LLC and Seth Manson, filed a complaint and asserted five causes of action that arise out of a property foreclosure. (Doc. # 2.)  Plaintiffs allege that Defendants have violated Colorado Revised Statute 38-38-506, initiated a foreclosure action without standing, perpetrated fraud in the concealment of title to the foreclosed property, and caused slander of title.  (Doc. # 2 at

17–22.)  Additionally, Plaintiffs seek quiet title to the foreclosed property.  (*Id.*)  On September 9, 2015, Plaintiffs moved for a temporary restraining order to enjoin Defendant UIS, LLC from evicting Plaintiff Mason from the property.  (Doc. # 3.)

Federal courts are courts of limited jurisdiction and require a statutory basis for jurisdiction.  *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).  The burden of establishing subject-matter jurisdiction lies with the party that invokes the jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Two statutory bases exist for federal subject matter jurisdiction: (1) federal-question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Section 1331 sets forth that district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  An action arises under federal law if the plaintiff's well-pleaded complaint establishes that (1) federal law creates the cause of action or (2) the resolution turns on a substantial question of federal law.  *Morris*, 39 F.3d at 1112.  Moreover, the Court has diversity jurisdiction over civil actions in which (1) the amount in controversy exceeds $75,000 and (2) the action is between citizens of different states.  28 U.S.C. §1332(a).  The language "citizens of different States" dictates that citizenship of each plaintiff must be diverse from that of each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

In the instant case, all of Plaintiffs' causes of action arise under state law.  Additionally, Plaintiffs contend that the claims brought exceed only $16,000 and that two of the named Defendants are, like Plaintiffs, citizens of Colorado.  (Doc. # 2 at 1–2.)

Thus, the Court lacks both federal-question and diversity jurisdiction and, therefore, must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3).

Based on the foregoing, it is ORDERED that Plaintiffs' action be DISMISSED without prejudice.

DATED: September 29, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge